UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARK WAYNE CROW,

                Petitioner,

    v.

ELDON VAIL

                Respondent.

Case No. C10-2076-RSM

**DISMISSAL ORDER**

      Mark Wayne Crow, a Washington State prisoner, seeks 28 U.S.C. § 2254 habeas relief from his conviction for possession with intent to deliver methamphetamine on the ground that he was denied effective assistance of counsel. Dkt. 1.  This matter comes before the Court upon Mr. Crow's Objections to the Report and Recommendation of of the Honorable Brian A. Tsuchida (Dkt. 24).  Magistrate Judge Tsuchida recommends dismissing this action with prejudice because petitioner did not properly exhaust his sixth amendment claim for ineffective assistance of counsel in state court.  *See Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996).  Moreover, the ineffective assistance of counsel claim is now procedurally defaulted.

      In his Objections to the Report and Recommendation, Mr. Crow seeks leave of the Court to amend his pleadings to include other claims that he allegedly exhausted in state court.  *See* Dkt. 24, p. 3 ("The lower courts then had at all times fair opportunity to re-consider a petitioner's claims on due process, right to confront witnesses, and most importantly the federal

DISMISSAL ORDER- 1

Fourth Amendment violation, which is binding on the court. The proposed amended petition pleading in this action, should now reflect the argument to controvert respondents opposition of this habeas corpus for unlawful restraint against U.S. Constitutional violations."). Judge Tsuchida notes in his Report and Recommendation that Mr. Crow did indeed appeal his state court conviction on other grounds, namely on the grounds of the legality of the search warrant issued by the state court; the trial court's jury instructions; the state's failure to prove the elements of the crime beyond a reasonable; unlawful seizure of his money; denial of his right to confront his accuser; and improper admission of hearsay. Dkt. 21 at Exhibits 3 & 4. Thus, the Court construes Mr. Crow's Objections as encompassing a motion for leave to amend his petition to include the allegedly exhausted claims.

The Court should freely give leave to amend when justice so requires. Fed. R. Civ. P. 15. Moreover, "a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted." *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (internal citations omitted). Therefore, the Court dismisses Mr. Crow's petition without prejudice to petitioner filing an amended petition including the exhausted claims.

The Court cannot ascertain from Mr. Crow's objections whether he intends to include his exhausted sixth amendment ineffective assistance of counsel claim in his amended petition. The Court notes that where a habeas corpus petition is a "mixed petition," setting forth both claims that have been exhausted and claims that have not been exhausted, the petition will be dismissed. See *Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Ortiz-Sandoval v. Clarke*, 323 F.3d 1165, 1169 n. 3 (9th Cir.2003). Further, while a court may stay a proceeding and hold a habeas petition in abeyance while a petitioner exhausts state court remedies on unexhausted claims, the Court may only do so "when the district court determines there was good cause for the petitioner's failure to

exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277, 1 (2005); *see also Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir.) ("Under Rhines, a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics."), cert. dismissed, --- U.S. ----, 129 S.Ct. 621, 172 L.Ed.2d 473 (2008), and cert. denied, --- U.S. ----, 129 S.Ct. 2771, 174 L.Ed.2d 276 (2009). Here, Petitioner's sixth amendment claim is procedurally defaulted and Mr. Crow has failed to show good cause for his failure to exhaust his sixth amendment claim in state court. *See* Dkt. 23. Therefore, if petitioner includes his unexhausted sixth amendment claim in his amended petition, his petition will be dismissed.

Accordingly, the Court, having reviewed petitioner's petition for writ of habeas corpus, the Report and Recommendation of the Honorable Brian A. Tsuchida, United States Magistrate Judge, and the remaining record, does hereby find and **ORDER**:

1. The Court adopts the Report and Recommendation insofar as its findings regarding (1) the fact that Mr. Crow's claim for ineffective assistance of counsel has not been exhausted in state court; (2) the fact that Mr. Crow's claim for ineffective assistance of counsel is procedurally defaulted; and (3) the fact that Mr. Crow has not shown good cause for his failure to exhaust his claim for ineffective assistance of counsel. In light of Mr. Crow's motion to amend his petition, the Court declines to adopt the portion of the Report and Recommendation that recommends dismissal with prejudice.

2. The habeas petition is dismissed without prejudice to petitioner filing, no later than thirty (30) days from the date of this Order, an amended petition containing only exhausted claims. If petitioner does not timely file an amended petition

DISMISSAL ORDER- 3

raising only exhausted claims, or if petitioner requests this Court dismiss without prejudice this action, the Court will dismiss this action without prejudice.

3. The Clerk shall send copies of this Order to petitioner and to Judge Tsuchida.

DATED this 22nd day of September 2011.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

DISMISSAL ORDER- 4